**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 14 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30397 |
| Plaintiff - Appellee, | D.C. No. 4:12-cr-00036-SEH-1 |
| v. | |
| EDDY DEAN BULLCALF, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted March 7, 2014
Portland, Oregon

Before: TROTT and W. FLETCHER, Circuit Judges, and BLOCK, Senior District
Judge.[**]

Eddy Dean Bullcalf appeals his convictions on three counts of aggravated

sexual abuse, 18 U.S.C. §§ 1153(a) and 2241(c), and one count of abusive sexual

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Frederic Block, Senior District Judge for the U.S.
District Court for the Eastern District of New York, sitting by designation.

contact, 18 U.S.C. §§ 1153(a) and 2244(a)(1). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

At trial, Bullcalf's attorney attempted to question FBI Special Agent Quinlan in order to impeach S.F., a trial witness, with extrinsic evidence of S.F.'s prior inconsistent statements. The district court cut short trial counsel's line of questions because the court did not think the proper foundation had been laid for Agent Quinlan's testimony. This was error. This court has "expressly recognized that the foundational prerequisites of Rule 613(b) require only that the witness be permitted--at some point--to explain or deny the prior inconsistent statement." United States v. Young, 86 F.3d 944, 949 (9th Cir. 1996). S.F.'s stated inability to recall her interview with Agent Quinlan constituted a denial. See Williamson v. United States, 310 F.2d 192, 199 (9th Cir. 1962) ("[T]he answer of a witness that he does not remember having made a prior inconsistent statement is as adequate a foundation as a flat denial.").

However, this error does not warrant setting aside Bullcalf's convictions. C.O.C., the victim, gave detailed testimony regarding her abuse at Bullcalf's hands, and T.W.T.'s and L.L.'s testimony established a similar pattern of abuse. In light of this convincing evidence, we are satisfied beyond a reasonable doubt that the jury would have convicted Bullcalf even if S.F.'s testimony was completely

discredited.  See Delaware v. Van Arsdall, 475 U.S. 673, 684 (1986) ("The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt.").

We have considered Bullcalf's remaining arguments and conclude they are meritless.

**AFFIRMED.**